1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORLANDO CANCINO CASTELLAR, *et al.*,<br><br>                              Plaintiffs,<br><br>     v.<br><br>KEVIN K. MCALEENAN, *et al.*,<br><br>                              Defendants. | Case No. 17-cv-00491-BAS-AHG<br><br>**ORDER:**<br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF-PETITIONERS' APPLICATIONS TO SEAL (ECF Nos. 123, 138);**<br><br>**(2) DENYING WITHOUT PREJUDICE DEFENDANT-RESPONDENTS' APPLICATION TO SEAL (ECF No. 131);**<br><br>**(3) DENYING AS MOOT PLAINTIFF-PETITIONERS' APPLICATION TO SEAL (ECF No. 144); AND**<br><br>**(4) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND (ECF No. 152).** |

17cv491

## I.    BACKGROUND

This is a putative class action brought by immigrants in federal custody alleging that they were detained for prolonged periods without being given prompt initial hearings before an immigration judge or judicial review of probable cause for detention.  As relevant to this Order, Plaintiff-Petitioners filed a renewed motion for class certification  (Mot. for Class Cert., ECF No. 125); Defendant-Respondents filed an opposition (Defs.' Opp'n, ECF No. 133); and Plaintiff-Petitioners a reply (Pls.' Reply, ECF No. 140).  In doing so, the parties submitted certain exhibits and memoranda in redacted form and now move to file those documents under seal.

Pending before the Court are Defendant-Respondents' application to file under seal the unredacted version of the opposition (ECF No. 131) and three sealing applications filed by Plaintiff-Petitioners: to file under seal the unredacted versions of the documents filed in support of their renewed motion for class certification (ECF No. 123); to file under seal the unredacted version of their reply brief (ECF No. 138); and to file under seal the unredacted versions of their notice of errata and corrected memorandum in support of their renewed motion for class certification (ECF No. 144).  Also pending before the Court is the parties' joint motion to amend the applications to seal.  (ECF No. 152.)

## II.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler*

*Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Id.*; *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower burden than the "compelling reasons" standard). Under either standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

Under this Court's Standing Order, the parties seeking a sealing order must provide the Court with "(1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure." Hon. Cynthia Bashant's Standing Order for Civil Cases ("Standing Order") § 5. "The standard for filing documents under seal will be strictly applied." *Id.* "Any protective order must be narrowly drawn" to reflect the balance between the moving party's interests and the public's right to access the court files, and "[a]ny member of the public may challenge the sealing of any particular document." *Id.* "The fact that both side[s] agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing." *Id.*

//

//

//

17cv491

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   ANALYSIS

### A.   The Sealing Applications Do Not Satisfy the Compelling Reasons Standard

A motion for class certification is central to the merits of a case and thus is "more than tangentially related to the underlying cause of action." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F.3d at 1099). Therefore, the parties applying to seal documents in support of, or opposition to, the class certification motion must bear the heavy burden of showing "'compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *See id.* (citing *Kamakana*, 447 F.3d at 1178–79). Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, the parties' sealing applications are about the documents designated as confidential pursuant to the Protective Order entered in this case. (*See* Pls.' App. Seal, ECF No. 123 (providing as justifications for sealing requests Defendant-Respondents' designation of documents as confidential); Defs.' App. Seal, ECF No. 131 (same); Pls.' App. Seal, ECF No. 138 (same); Pls.' App. Seal, ECF No. 144 (same).) The parties' joint motion to revise the scope of the sealing applications are also based on the parties' lifting of certain confidentiality designations. (Joint Mot. to Amend, ECF No. 152.) The mere fact that the parties have designated certain materials as confidential, regardless of whether the parties agree to the scope of such designations, does not supply a legal basis to curtail the public's access to judicial records. *See* Standing Order § 5 ("The fact that both side[s] agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing."); *see also In re Ferrero Litig.*, No. 11–CV–205 H(CAB),

2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing order).

The parties have not "articulate[d] compelling reasons supported by specific factual findings 'that outweigh the general history of access and the public policies favoring disclosure.'" *Kamakana*, 447 F.3d 1172 (citations omitted).   Plaintiff-Petitioners' counsel's declarations provide as reasons behind the sealing applications that the information requested to be filed under seal has been designated as confidential by Defendant-Respondents or that the parties agree as to the designation.   As explained above, neither the designation of confidentiality nor the parties' agreement that the information is confidential is enough to satisfy the compelling reasons standard.   At a minimum, the parties must specify the specific reasons why certain documents should be maintained under seal and provide factual findings that support that assertion.

For example, a declaration by a federal government employee with personal knowledge and foundation for the impact of the release of information sought to be avoided may be enough.   *See, e.g.*, *United States ex rel. Kelly v. Serco, Inc.*, No. 11CV2975 WQH-RBB, 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding compelling reasons to maintain under seal information about "locations, technical specifications, and operational capabilities of towers along the U.S. Border" based on a government employee's declaration that "release of [the] information could significantly compromise the effectiveness of these sites and thereby impair the effectiveness of Customs and Border Patrol in carrying out their assigned missions and duties at those sites and in nearby areas").   In contrast, a declaration by counsel as to matters of which counsel lacks personal knowledge is generally not enough to satisfy the compelling reasons standard.   *See, e.g.*, *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (finding that the declaration by counsel was not enough to meet the "compelling reasons" standard because counsel lacked personal knowledge of or foundation for the assertions that the information at issue might harm the defendant company's competitive standing); *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*,

No. CV1101539MMMJEMX, 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013) (assigning "no weight" to the conclusory declaration by plaintiff's counsel that disclosure of the information at issue could harm the plaintiff's business where the plaintiff did not demonstrate that counsel had personal knowledge about the harm asserted).

Therefore, the compelling reasons standard has not been satisfied by the original sealing applications, and the joint motion to amend the sealing applications do not cure the deficiency.

**B.    The Parties May Replace the Documents Previously Filed in Redacted Form with the Unredacted Versions.**

Separately, the parties seek to replace the following, previously filed documents with unredacted versions:

- Plaintiff-Petitioners' Corrected Memorandum of Points and Authorities in Support of Plaintiff-Petitioners' Renewed Motion for Class Certification (ECF No. 146-1);
- Declaration of Bardis Vakili in Support of Renewed Motion for Class Certification (ECF No. 125-3);
- Excerpted Transcripts of the Sept. 16, 2020 Deposition of Judge Rico Bartolomei (30(b)(6) Witness for EOIR) (ECF Nos. 125-15, 133-1);
- Declaration of Tom K. Wong (ECF No. 125-22);
- Exhibit B to the Declaration of Tom K. Wong (ECF No. 125-24); and
- Exhibit D to the Declaration of Tom K. Wong (ECF No. 125-26).

The parties' request is granted.  The parties shall file the unredacted versions of the documents as supplemental documents to the corresponding filings on the docket.

Because Plaintiff-Petitioners seek to file the unredacted versions of the notice of errata and corrected memorandum in support of their renewed motion for class

certification, their previous sealing application seeking to file those documents under seal (ECF No. 144) is denied as moot.

## IV.   CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Plaintiff-Petitioners' application to file under seal the unredacted versions of the documents filed in support of their renewed motion for class certification.  (ECF No. 123.)

The Court **DENIES WITHOUT PREJUDICE** Defendant-Respondents' application to file under seal the unredacted version of the opposition.  (ECF No. 131.)

The Court **DENIES WITHOUT PREJUDICE** Plaintiff-Petitioners' application to file under seal the unredacted version of their reply brief.  (ECF No. 138).

The Court  **DENIES AS MOOT** Plaintiff-Petitioners' application to file under seal the unredacted versions of their notice of errata and corrected memorandum in support of their renewed motion for class certification.  (ECF No. 144.)

The Court **GRANTS IN PART AND DENIES IN PART** the parties' joint motion to amend the applications to seal.  (ECF No. 152.)

On or before **July 30, 2021**, the parties **SHALL** file the unredacted versions of the documents previously filed in redacted form (ECF Nos. 125-3, 125-15, 125-22, 125-24, 133-1, 146-1) as supplemental documents to the corresponding filings on the docket.

Should the parties choose to reapply for a sealing order, they may do so on or before **August 13, 2021**.  Any motion for a sealing order must fully address the "compelling reasons" supporting the sealing of each document, identifying the specific harm that would likely flow from public disclosure of that precise document, supported by factual findings. *See Kamakana*, 447 F.3d at 1178.

**IT IS SO ORDERED.**

**DATED: July 26, 2021**

Hon. Cynthia Bashant
United States District Judge

17cv491