UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORLANDO CANCINO CASTELLAR, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>　　　　　　　Defendant-Respondents. | Case No. 17-cv-00491-BAS-AHG<br><br>**ORDER GRANTING DEFENDANT-RESPONDENTS' RENEWED APPLICATION TO SEAL**<br>**(ECF No. 171)** |

**I.　BACKGROUND**

　　On July 26, 2021, the Court denied without prejudice the parties' applications to seal, finding that the parties have not met the burden to demonstrate compelling reasons that outweigh the public's right to access judicial records. (ECF No. 159.) Defendant-Respondents renew their application to seal ten documents that contain personally identifiable information, law enforcement sensitive material, and material subject to law enforcement privilege. Defendant-Respondents' sealing application is accompanied by

declarations from a Customs and Border Protection (CBP) Official[1] (Koseor Decl., ECF No. 171-1) and a Supervisory Border Patrol Agent[2] (Holmes Decl., ECF No. 171-2).

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Id.*; *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower burden than the "compelling reasons" standard). Under either

---

[1] Koseor's official title is Deputy Division Director, Mission Readiness Division, for the San Diego Field Office (SDFO), Office of Field Operations (OFO), U.S Customs and Border Protection (CBP). (Koseor Decl. ¶ 1.)

[2] Holmes's official title is Supervisory Border Patrol Agent for the U.S. Border Patrol (USBP), San Diego Sector (SOC), U.S Customs and Border Protection (CBP). (Holmes Decl. ¶ 1.)

standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

Under this Court's Standing Order, the parties seeking a sealing order must provide the Court with "(1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure."  Hon. Cynthia Bashant's Standing Order for Civil Cases ("Standing Order") § 5.  "The standard for filing documents under seal will be strictly applied." *Id.*  "Any protective order must be narrowly drawn" to reflect the balance between the moving party's interests and the public's right to access the court files, and "[a]ny member of the public may challenge the sealing of any particular document." *Id.*  "The fact that both side[s] agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing." *Id.*

### III.  ANALYSIS

Plaintiffs' Class Certification Motion is more than tangentially related to the merits of the underlying action. *See Baker v. SeaWorld Entm't, Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017) (finding motion for class certification to be more than tangentially related to merits of the case and citing cases). Therefore, the instant Application to Seal is subject to the "compelling reasons" standard. The Court discusses the exhibits by category below.

####   A.    CBP Forms, Training, and Database

Defendant-Respondents seek to seal two documents in its entirety: CBP OFO Training Guide ("Training Guide") and the CBP Migrant Protection Protocols (MPP) Appendix A ("MPP Appendix").  The Training Guide is an internal CBP document that explains the steps that a CBP officer must take to prepare for administrative proceedings

relating to the issuance of immigration documents. (Koseor Decl. ¶ 6.) The MPP Appendix similarly contains instructions for the CBP Officers on how to use an electronic database for immigration cases used and maintained by immigration and law enforcement agencies. (*Id.*) Specifically, the document includes screenshots of the database. (*Id.*)

According to Defendant-Respondents, the Training Guide and the MPP Appendix are not for public view and even within the CBP, an employee must demonstrate a law enforcement purpose to access the documents. (Koseor Decl. ¶ 6, ECF No. 171-1.) Defendant-Respondents argue that disclosing those documents would be to reveal "record keeping, intelligence gathering, and the information CBP relies on to make legal case processing decisions," which would hamper the CBP's ability to "conduct proactive enforcement operations based on the information [the CBP collected]." (Koseor Decl. ¶ 6, ECF No. 171-1.)

To determine whether to maintain this information under seal, the Court must balance the government's interest with the public's right to access court records. The Court finds that Defendant-Respondents have demonstrated a compelling interest to maintain the Training Guide and the MPP Appendix under seal. *See Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020) (holding that "confidential and sensitive law-enforcement information that could harm CBP's and other entities' operations if publicly disclosed" can be maintained under seal).

**B.   Deposition Excerpts Containing Law Enforcement Sensitive Material**

Defendant-Respondents seek to maintain under seal portions of the following deposition excerpts that discuss law enforcement sensitive material: CBP Office of Field Operations 30(b)(6) Deposition Excerpts;[3] and Border Patrol 30(b)(6) Deposition Excerpts.[4]

---

[3] The redacted versions are docketed at ECF Nos. 125-9, 171-4.
[4] The redacted versions are docketed at ECF Nos. 125-12, 171-5 and at ECF Nos. 140-1, 172-10.

### 1. CBP OFO 30(b)(6) Deposition Excerpts

Defendant-Respondents seek to redact three parts from the excerpts of the deposition of a 30(b)(6) witness for the CBP OFO: 110:10–23, 150:1–22, and 155:9–156:22.

The first part (111:10–112:3) addresses the OFO officers' approach in processing cases and issuing a Notice to Appear (NTA). (Koseor Decl. ¶ 3.) According to Defendant-Respondents, the discussion regarding case processing "reveals information that CBP uses to make case determinations, such as the likelihood of issuing an [NTA] for people with medical issues." (*Id.*) An OFO official states in a declaration that disclosure of this information "may create an incentive for detainees to claim medical issues in the hope of receiving a certain disposition," thereby "impairing CBP's discretion, in administrative cases, to process each case on a case-by-case basis, therefore delaying administrative processing for future cases." (*Id.*)

The second part (150:1–22) discusses an internal report referred to as Barracks 5 Report, which is used by the OFO to track the detainees, as well as CBP's operation hours and functions. (Koseor Decl. ¶ 4.) The OFO official's declaration states that disclosure of such information creates a risk of abuse by "those who seek to circumvent CBP's enforcement [who] often use operation and tracking information for illegal or unlawful acts." (*Id.* ¶ 4.)

The third part (155:9–156:22) discusses the CBP's 2018 operation plan instituted in response to the caravans arriving at the southern border. (Koseor Decl. ¶ 5.) In Defendant-Respondents' view, "[t]he disclosure of operation plans could weaken CBP's response to future threats, emergencies, and dangerous events at the Ports of Entry. CBP's tactics and tolerances in response to future caravans or similar threats would be directly impacted." (*Id.*)

After balancing the government's interest against the public's right to access the court files, the Court finds that Defendant-Respondents have demonstrated a compelling interest to maintain under seal the redacted portions of the excerpts of the deposition of CBP OFO's 30(b)(6) witness.

### 2. Border Patrol 30(b)(6) Deposition Excerpts

Defendant-Respondents seek to redact two parts from the excerpts of the deposition of a 30(b)(6) witness for the U.S. Border Patrol: 127:1–12 and 129:1–16.

The first part (127:1–12) discusses the Border Patrol's policy to process certain individuals considering the available spaces in the detention facilities. (*See* Holmes Decl. ¶ 5.) According to the declaration by the testifying Border Patrol agent, the policy addresses how agents decide to release certain individuals, which constitutes information that can be abused against the government's interest. (*Id.*)

The second part (129:1–16) explains instances when the Border Patrol would complete an NTA with release on own recognizance. (*See* Holmes Decl. ¶ 6.) In Defendant-Respondents' view, revealing the information "may create an incentive for detainees to claim medical issues in the hope of receiving a certain disposition." (*Id.*) The Border Patrol agent states in his declaration that the disclosure "may impact future case processing and impair CBP's discretion, in administrative cases, to process each case on a case-by-case basis, therefore delaying administrative processing for future cases." (*Id.*)

To determine whether to maintain this information under seal, the Court must balance the government's interest in guarding its confidential information against the public's right to access the court files. The Court finds that Defendant-Respondents have demonstrated a compelling interest to maintain under seal the redacted portions of the excerpts of the deposition of CBP OFO's 30(b)(6) witness.

### C. Plaintiffs' Personal Identifying Information

Defendant-Respondents seek to redact the personal identifying information of Plaintiffs, including date of birth, alien number, and address. That information is contained in the ICE 30(b)(6) Deposition Excerpts,[5] ICE Fact Witness Deposition Excerpts,[6] Cancino

---

[5] The redacted versions are docketed at ECF Nos. 125-8, 171-3.
[6] The redacted versions are docketed at ECF Nos. 125-18, 171-8.

Castellar's I-213 form,[7] and Hernandez Aguas's Notice to Appear.[8] The Court must balance Plaintiffs' privacy interest against the public's right to access court records. Courts have held that risks associated with disclosing sensitive personal information may outweigh the public's interest in accessing records containing such information. *See, e.g., Lombardi v. TriWest Healthcare All. Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (granting motion to seal documents containing sensitive personal information); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"). In such cases, redacting the personal identifying information at issue may sufficiently protect the privacy interests and also preserve public access to the case record. *See Hedrick v. Grant*, No. 2:76-CV-0162-GEB-EFB P, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017); *see also In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (instructing district court to redact "sensitive personal" information even where records are unsealed).

After balancing the privacy rights of Plaintiffs against the public's right to access the court files, the Court finds that Defendant-Respondents have demonstrated a compelling interest to maintain under seal the unredacted copies of the documents containing personal identifying information.

### D. Names of Law Enforcement Officers

Defendant-Respondents seek to redact from three documents[9] the names of the government employees, their non-public email addresses, and phone numbers. The Court must balance the public's right to access court records against the government's interest in

---

[7] The redacted versions are docketed at ECF Nos. 125-19, 171-9.
[8] The redacted versions are docketed at ECF Nos. 125-14, 171-7.
[9] The redacted versions are docketed at ECF Nos. 125-8, 171-3 (ICE 30(b)(6) deposition excerpts); 125-13, 171-6 (CBP email thread); and 125-18, 171-8 (ICE fact witness deposition excerpts).

preventing disclosure of its employees' personal information. *See Ortiz v. City & Cty. of San Francisco*, No. 18-CV-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (applying the balancing test to determine whether to maintain under seal "the names and information regarding non-defendant deputies and staff").

Defendant-Respondents attach a declaration reciting the harassment a United States Citizenship and Immigration Services (USCIS) employee endured after her email address was made public, as well as the flood of emails a Border Patrol agent received after his email address was posted on a public forum. (Holmes Decl. ¶ 7.) According to Defendant-Respondents, disclosure of the employees' full names and email addresses may lead to disclosure of more personal information through "doxxing," which imposes "a direct safety concern for Agents and their family members." (*Id.*)

The Court finds that Defendant-Respondents have demonstrated the specific prejudice or harm that may result from disclosing the officials' information. Courts have held that targeted redactions similar to those proposed here strike the right balance between the privacy rights of the officers and the public's right to access the court records. *See, e.g.*, *Al Otro Lado, Inc. v. Wolf*, No. 17-CV-02366-BAS-KSC, 2020 WL 4551687, at *12 (S.D. Cal. Aug. 6, 2020) (granting motion to seal document redacting CBP employees' phone numbers and email addresses). The Court reaches the same conclusion here and finds that the proposed redactions are sufficient to preserve the public's right to access the relevant information.

### E.   Other Law Enforcement Privilege

Defendant-Respondents seek to file under seal Plaintiff Hernandez-Aguas's fingerprint identification number on her NTA, as well as Cancino Castellar's fingerprints, fingerprint identification number, and state inmate number. Defendant-Respondents do not explain why this information should be maintained under seal and simply claim that

they are subject to the law enforcement privilege.[10]  Nonetheless, the Court finds that the redacted information contains sensitive law-enforcement information, and the proposed redactions preserve the public's right to access the relevant information contained in the documents.  Therefore, the Court grants Defendant-Respondents' request to maintain the redacted information under seal.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant-Respondents' sealing application.  (ECF No. 171.)  The Court **ORDERS** the Clerk of the Court to accept and **FILE UNDER SEAL** the requested documents (ECF No. 172).

**IT IS SO ORDERED.**

DATED: August 19, 2021

Hon. Cynthia Bashant
United States District Judge

---

[10] Defendant-Respondents argue the Court's prior Order (ECF No. 159) pertained only to confidential material but not to privileged material. (App. to Seal at 20:1–7, ECF No. 171.) Defendant-Respondents misconstrue the Court's Order.  Whether or not the information sought to be sealed is confidential or privileged, the burden is on Defendant-Respondents to demonstrate compelling reasons to maintain the information under seal.