UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORLANDO CANCINO CASTELLAR, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, et al., <br><br>  Defendants. | Case No.: 3:17-cv-491-BAS-AHG <br><br> **ORDER GRANTING IN PART JOINT MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> **[ECF No. 184]** |

Before the Court is the parties' Joint Motion to Continue Case Management Conference. ECF No. 184. The parties request that the Court extend the October 5 filing deadline for their Joint Case Management Statement, and the October 12 Case Management Conference. *Id.*

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2–3 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the Court set a Case Management Conference for October 12, 2021, and required that the parties file their Joint Case Management Statement by October 5, 2021. ECF No. 181. The parties represent to the Court that, because the class certified by this Court is narrower than the class proposed by Plaintiffs, Defendants are currently assessing whether the scope of the class impacts the applicability of the data they produced in discovery thus far, and how this may impact the proposed scheduling of discovery and dispositive motion deadlines. ECF No. 184 at 2. The parties also represent that they are in the process of meeting and conferring regarding a pending fact discovery matter, relating to the reopening of Rule 30(b)(6) depositions concerning new documents that were produced after the original Rule 30(b)(6) depositions took place. *Id*. Thus, the parties seek a two-week extension of the filing deadline and conference, to October 19 and October 26, respectively. *Id*. at 3.

As an initial matter, the parties' motion is deficient. First, the Joint Case Management Statement was due on October 5 (*see* ECF No. 181), but the instant motion to continue that deadline was filed on October 4. ECF No. 184. By filing the motion one day before the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than <u>seven calendar days before</u> the affected date") (emphasis added).

Second, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court also notes that this is not the first time the Court has reminded the

parties of their obligations to follow its Chambers Rules in connection with a motion to continue. *See* ECF No. 112 at 2 n.1 (listing the shortcomings of the motion to continue, including the lack of declaration). The Court will take the parties at their word without the required declaration, but will not do so again.

Despite the joint motion's shortcomings, the Court finds good cause to continue the Case Management Conference. Thus, the parties' joint motion is **GRANTED IN PART** as follows:

1. The **telephonic**, **counsel-only** Case Management Conference originally set for October 12, 2021 is **RESET** for **November 5, 2021**[1] at **11:00 a.m.** before the Honorable Allison H. Goddard. Counsel shall call the chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code.

2. The parties must file a Joint Case Management Statement by **October 27, 2021**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at:

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

**IT IS SO ORDERED.**

Dated: October 4, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] The Court recognizes that the parties requested that the Case Management Conference be reset for October 26, 2021. ECF No. 184 at 3. However, that date is unavailable on the Court's calendar.